IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                       CASE NO. 1:02-cr-00029-MP-AK
                                                                          1:06-cr-00041-MP-AK

RAYMOND REED, JR.,

        Defendant.

_____/

# **O R D E R**

This matter is before the Court on Doc. 119, Motion for Recusal, filed *pro se* by

Defendant Raymond Reed, Jr.  At a prior in-court status conference, Defendant said that he had

been unable to retain private counsel, and then unequivocally stated that he did not wish to

represent himself.  See Doc. 117.  The Court then appointed counsel to represent Defendant.

Because Defendant is represented by counsel, and because prior leave to file *pro se* was

not granted, Defendant's *pro se* motion is stricken.  Local Rule 11.1(D) states that "[a]ny party

represented in a suit by counsel of record shall not thereafter take any step or be heard in the case

in proper person, absent prior leave of court; nor shall any party having previously elected to

proceed in proper person be permitted to obtain special or intermittent appearances of counsel."

Therefore, under the Local Rules, Defendant requires prior approval of the Court before filing

any *pro se* motion while represented by counsel.  This same language used in the Local Rules of

the Middle District has been upheld by the Eleventh Circuit.  See U.S. v. Cruz, No. 05-11507,

slip op., 153 Fed.Appx. 604 (11th Cir. Oct. 28, 2005)(affirming district court decision applying

local rule that counseled defendants cannot file their own motions).

Although Defendant states that he did not consent to the particular selection of counsel

appointed by the Court, since Defendant has no means to retain private counsel, this does not

provide sufficient cause for the Court to allow Defendant Reed to file *pro se* motions while represented by counsel.  A defendant has no colorable constitutional claim to his choice of counsel, and cannot therefore reject the appointment of particular counsel if he declines to represent himself.  See Caplin & Drysdale v. United States, 491 U.S. 617, 624 (1989). ("[T]hose who do not have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts.").  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant Raymond Reed's *pro se* Motion for Recusal, Doc. 119, is stricken.

**DONE AND ORDERED** this ___15th__ day of June, 2007

_____*s/Maurice M. Paul*_____

Maurice M. Paul, Senior District Judge