IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:02-cr-29-MMP-AK

RAYMOND REED, JR.,

    Defendant.
_____/

## **O R D E R**

This cause is before the Court on Defendant Reed's motion to vacate pursuant to 28 U.S.C. § 2255. Doc. 203. While the motion is on the proper form, it has not been completed in full, and therefore, the motion must be amended. For example, Defendant claims that all grounds for relief are predicated on ineffective assistance of counsel. He does not, however, set forth even basic statements explaining how counsel acted ineffectively in representing him. When the Court examined the supporting memorandum, it likewise found no stated grounds of ineffective assistance. Indeed, ineffective assistance of counsel is mentioned only in one place in the memorandum: "Due to ineffective assistance of counsel, the court would never have seen the truth of the matter, this is why the court stated that the warrantless entry into the home was lawful." This is plainly insufficient to state a claim for relief, and all other complaints center on whether the search was lawful, a question which has been decided adversely to Defendant by the Eleventh Circuit. Defendant will therefore be given an opportunity to amend his motion to vacate. Towards that end, he should state **specific facts** as to how counsel's actions or inactions deprived him of his constitutional right to effective assistance of counsel. All grounds for relief

should be stated on the form itself. Defendant is reminded that N.D. Loc. R. 15.1 provides that matters not set forth in the amended pleading are deemed abandoned. In other words, the amended motion replaces entirely the claims raised in the original § 2255 motion, and Defendant cannot merely refer back to those other pleadings or the supporting memorandum but must restate his claims in their entirety when he amends the motion on this occasion. Defendant may, of course, include additional pages as needed to set forth the bases of his amended motion, and to the extent that he believes that a supporting memorandum is necessary, he may submit it as well, but it must not exceed 25 pages in length. The memorandum cannot, however, replace the requirements of completing the form.

Accordingly, it is ORDERED:

That the Clerk of Court shall forward to Defendant three § 2255 forms;

That no later than **August 31, 2009**, Defendant shall file an "amended motion" and one identical copy including any exhibits and memoranda. He shall keep an identical copy for his records;

That the Amended Motion shall include all claims which Defendant wants to place before the Court for consideration, and any claims not brought forth in the Amended Motion shall be deemed abandoned;

**That failure to respond to this order as directed or any future orders will result in a recommendation of dismissal of this action.**

**DONE AND ORDERED** this   **27**th   day of July, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**