IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:02-cr-29-MP-GRJ

RAYMOND REED JR,

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 205, a motion to vacate pursuant to 28 U.S.C. § 2255.  Defendant contends that his trial counsel rendered ineffective assistance in regards to a motion to suppress that was denied by the court.  The Government filed a response and Defendant filed a reply.  (Docs. 208, 213.)  For the following reasons, the undersigned recommends that the motion to vacate be denied.

## Background

In July 2002, helicopter surveillance identified marijuana growing near a mobile home in Levy County.  Sheriff's deputies and Drug Enforcement Administration (DEA) agents arrived at the mobile home and knocked on the door.  They smelled marijuana emanating from a window air conditioner and heard someone running inside the home.  Officers entered through an unlocked back door and found co-Defendant Sheila Gillins hiding in a closet.  She was advised of her *Miranda* rights and consented to a search of her home, which she owned with the Defendant.  The search yielded 255 marijuana plants, scales, grow lights, a drying room, and processed marijuana.  (Doc. 38.)  Defendant and Gillins were indicted on one count of conspiracy to distribute and possess with intent to distribute more than 100 marijuana plants and one count of distribution and possession with intent to distribute a controlled substance, in violation

of in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), and 846.  The Defendants each filed a motion to suppress, challenging the warrantless entry.  (Docs. 28, 32.) After an evidentiary hearing, the district court denied the motions to suppress, finding that warrantless entry was lawful because the officers had probable cause to approach the home to announce their presence and exigent circumstances permitted entry. Specifically, DEA Agent Andrews heard the co-Defendant moving inside the trailer "and became concerned for his personal safety, the safety of the other agents, and the potential destruction of any evidence inside the residence."  The district court also concluded that co-Defendant Gillins' voluntary consent to the search validated the subsequent search of the home and an automobile on the property.  (Doc. 38.)

Defendant pleaded guilty to the conspiracy count on November 26, 2002 and then absconded from the jurisdiction for approximately four years.  Defendant was eventually arrested and sentenced to 60 months imprisonment on the conspiracy count. The second count of the indictment was dismissed on motion of the Government.  (Doc. 146.)  Defendant unsuccessfully appealed his conviction and the order denying suppression to the Eleventh Circuit.  (Doc. 199.)

## Ineffective Assistance of Counsel

Because Defendant raises the issue of counsel's effectiveness, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate.  To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on

either the performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000).

## Discussion

In Defendant's motion to vacate and reply, he primarily attempts to reargue his

motion to suppress but also makes allegations of ineffective assistance of trial counsel as well as "government misconduct." Trial counsel's alleged ineffectiveness relates to his performance in connection with the motion to suppress. In his motion, Defendant argues that trial counsel failed to assert at the evidentiary hearing that Agent Andrews perjured himself; that prosecutors knowingly relied on these fabricated statements to obtain a conviction; and trial counsel failed to "object to the government misstating the burden of proof during the suppression hearing." Defendant fails to elaborate on the alleged misstatement of the burden of proof. He alleges that Agent Andrews lied under oath by (1) stating that the backdoor was unlocked; and (2) stating that he knocked on the front door. (Doc. 205.) In his reply, Defendant alleges that trial counsel should have further developed his line of questioning of the officers. (Doc. 213.)

To the extent Defendant is attempting to relitigate his motion to suppress, the Court cannot reach the merits of this Fourth Amendment claim because Defendant had a full and fair opportunity to litigate it before this court and his attorney was not ineffective in litigating it (see below). *See United States v. Ishmael*, 343 F.3d 741, 742-43 (5th Cir. 2003), *cert. denied,* 540 U.S. 1204 (2004) (applying *Stone v. Powell*, 428 U.S. 465 (1976) to a § 2255 motion). Furthermore, because the court disposed of Defendant's Fourth Amendment claims on direct appeal, they may not be relitigated on collateral review. *See Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994).

As for Defendant's claims regarding ineffective assistance and government misconduct due to allegedly false statements by Agent Andrews, the record clearly refutes Defendant's version of the facts. Defendant would have the Court believe that Deputy Rogers testified that Agent Andrews entered the back door using a key while

Agent Andrews testified that he entered through an unlocked back door. (Doc. 205.) The transcript of the evidentiary hearing reveals that Deputy Rogers testified more than once that he did not know how Agent Andrews entered the back door. (Doc. 142, pp. 25, 52.) Agent Andrews testified that he did indeed see a set of keys in the automobile and attempt to use them to gain entry to the home. While a key fit in the deadbolt of the back door, it was the wrong key, but in attempting to open the door with the key, Agent Andrews discovered the door was unlocked. (*Id.* at 73.) In addition to exposing Defendant's unsupported accusations of perjury, the transcript also demonstrates no evidence that Agent Andrews did not knock on the door or that trial counsel failed to adequately question witnesses. (*Id.*)

Defendant has failed to demonstrate that counsel's performance was deficient. Even if Defendat's accusations were true, he could not establish that the motion to suppress would have been granted but for trial counsel's actions. The factors supporting exigent circumstances–a marijuana field burning nearby, marijuana odor emanating from the home, and the sound of someone running inside the home–are unrelated to any of Defendant's fanciful accusations. The record clearly refutes Defendant's allegations and his motion is due to be denied without an evidentiary hearing. *See* 28 U.S.C. § 2255(b) (denying the need for an evidentiary hearing where the record conclusively shows Defendant is not entitled to relief).

## Recommendation

In light of the foregoing, it is respectfully **RECOMMENDED:**

That the motion to vacate, Doc. 205, be **DENIED** and that a certificate of

appealability be **DENIED.**

  **IN CHAMBERS** this 8th day of March 2012.

          *s/ Gary R. Jones*
          GARY R. JONES
          United States Magistrate Judge

**NOTICE TO THE PARTIES**

  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.